# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕲𝖊𝖔𝖗𝖌𝖎𝖆 𝖂𝖆𝖞𝖈𝖗𝖔𝖘𝖘 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                         ) | CR 520-008 |
| ) | |
| DEMETRIUS BROWN,            ) | |
| ) | |
| Defendant.                 ) | |

### ORDER

Before the Court is Defendant Demetrius Brown's motion for a copy of his presentence investigation report ("PSR"). Dkt. No. 76. Brown states he is "in process of obtaining an attorney to handle a family matter, and the PSR is needed to proceed. It contains valid true facts of my real birth place etc. I'm trying to find my biological parents." Id.

> Although Federal Rule of Criminal Procedure 32(e)(1) requires a PSR to be disclosed to a defendant prior to sentencing, there is no constitutional right to disclosure of a PSR prior to sentencing. *See, e.g.*, *United States v. Arenas-Granada*, 487 F.2d 858, 859 (5th Cir.1974); *United States v. Warren*, 432 F.2d 772, 772-73 (5th Cir. 1970). It logically follows from the nonexistence of a constitutional right to view a PSR prior to sentencing that there is no constitutional right to disclosure of a PSR in a . . . collateral proceeding.

Toomer v. United States, No. 6:10-CV-1197, 2010 WL 4008764, at *4 (M.D. Fla. Oct. 7, 2010) (ruling that a defendant may obtain a copy of his PSR in the context of a 28 U.S.C. § 2255 collateral

proceeding). However, "a Petitioner may obtain his PSR when the need for the PSR outweighs the resulting harm to state and federal officials conducting investigations. PSRs are generally confidential because disclosure may have a harmful effect on the investigations of state and federal officials." Id. (citing Shelton v. United States, 497 F.2d 156, 158 (5th Cir.1974) (recognizing the Government's interest in confidentiality under the facts of the case)).

Here, there exists no collateral proceeding for which Brown might need to reference his PSR. Moreover, Brown has not shown that he is unable to obtain information regarding his birthplace via another source or method. The Court concludes the Government's interest in confidentiality outweighs Brown's desire to review his PSR. Accordingly, Brown's motion, dkt. no. 76, is **DENIED**.

**SO ORDERED** this 22 day of October, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA