IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DEMETRIUS BROWN, | |
| Movant, | CIVIL ACTION NO.: 5:21-cv-65 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 5:20-cr-8) |
| Respondent. | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter comes before the Court on Respondent's Motion to Dismiss and Movant Demetrius Brown's ("Brown") failure to respond to the Motion to Dismiss and to follow this Court's Orders and Local Rules. Docs. 8, 10, 12, 14, 16; Local R. 7.5. For the following reasons, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DISMISS without prejudice** Brown's 28 U.S.C. § 2255 Motion for failure to respond to the Motion to Dismiss and to follow this Court's Orders and Local Rules, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Brown leave to appeal *in forma pauperis* and a Certificate of Appealability.[1] I **DENY as moot** Brown's Motion for a copy of his Pre-Sentence Investigation Report. Doc. 5.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would

## BACKGROUND

Brown filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence. Doc. 1.  The Court ordered Respondent to file any desired response to Brown's Motion, and Respondent filed a Motion to Dismiss, asserting the Court should dismiss Brown's § 2255 Motion because his ineffective assistance of counsel claims are vague, conclusory, and without support in the record.  Doc. 7.  The Court advised Brown Respondent had filed a Motion to Dismiss and advised him he had 14 days to file any desired response.  Doc. 8.  The Court forewarned Brown his failure to respond to the Motion to Dismiss could result in the granting of the Motion to Dismiss as unopposed and the Court deeming Brown as having failed to follow a Court Order.  Id.  Brown moved for an extension of time to file his response to the Motion to Dismiss, and the Court granted his motion, allowing Brown an additional 45 days for response. Doc. 10.  Because Brown did not receive the Court's February 8, 2022 Order, the Court provided Brown with additional time to respond to the Motion to Dismiss, until June 22, 2022.  Doc. 12. Brown filed another motion for extension to respond, which the Court granted, allowing Brown until July 26, 2022, to respond.  Doc. 14.  The Court forewarned Brown it would likely not grant any further extensions, absent a showing of compelling circumstances.  Id.  However, Brown filed another motion for an extension and claimed he had not received his property, including his legal materials, upon the arrival at his current place of incarceration.  Doc. 15.  The Court provided Brown another extension, until August 26, 2022, to file his response and advised him

---

be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Brown his suit is due to be dismissed.  As indicated below, Brown will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

the Court would not provide any further extensions.  Doc. 16.  Brown has had months to respond to the Motion to Dismiss, and this greatly extended time has elapsed with no response, indicating no objection.  Local R. 7.5 (providing 14 days to respond to a motion and "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

## DISCUSSION

The Court must now determine how to address Brown's failure to comply with this Court's Orders and Local Rules and to respond to the Motion to Dismiss.  For the reasons set forth below, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss and **DISMISS without prejudice** Brown's § 2255 Motion.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Brown leave to appeal *in forma pauperis* and a Certificate of Appealability.

### I. Dismissal for Failure to Follow This Court's Orders and Local Rules

A district court may dismiss a movant's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket.[2] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a movant's claims where he has failed to prosecute those claims,

---

[2] Pursuant to Rule 12 of the Rules Governing Section 2255 Cases, the Federal Rules of Civil Procedure may apply to a § 2255 motion, to the extent the Civil Rules are not inconsistent with the § 2255 Rules.

[3] In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  However, in this case, Brown was advised of the consequences of failing to respond to the Motion to Dismiss.  Docs. 8, 12; Local R. 7.5.

comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding

4

dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Brown failed to respond to the Motion to Dismiss or comply with this Court's Orders and Local Rules.  Docs. 8, 10, 12, 14, 16; Local R. 7.5.  Thus, the Court should **DISMISS without prejudice** Brown's § 2255 Motion.  Doc. 1.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Brown leave to appeal *in forma pauperis*.  Though Brown has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Brown's failure to comply with this Court's Orders and Local Rules or otherwise respond to the Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Brown a Certificate of Appealability, Brown is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255

Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DISMISS without prejudice** Brown's 28 U.S.C. § 2255 Motion based on his failure to follow this Court's Orders and Local Rules and to respond to the Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Brown leave to appeal *in forma pauperis* and a Certificate of Appealability. I **DENY as moot** Brown's Motion for a copy of his Pre-Sentence Investigation Report. Doc. 5.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the

7

specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of September, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA